IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARSHA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:19-cv-47 |
| ) | |
| CHOICE DNA LABORTORIES, LLC, and ) | |
| LAWRENCE REESE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Marsha Jones, for her Complaint against Defendants, Choice DNA Laboratories, LLC ("Choice DNA") and Lawrence Reese, state the following:

### I.  Parties

1. Plaintiff is a resident of Lake County, Indiana.

2. Defendant, Choice DNA Laboratories, LLC, is a business located in Merrillville, Indiana.

3. Defendant, Lawrence Reese, does business in Lake County.

4. Mr. Reese is the owner of Choice DNA Laboratories, LLC.

5. Mr. Reese runes Choice DNA Laboratories, LLC.

6. Mr. Reese decided how much Plaintiff would be paid during her tenure.

### II.  Jurisdiction and Venue

7. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the FLSA.

8. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

9. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Defendant doing business in this District.

### III. Factual Allegations

10. Plaintiff began working for Defendants in October 2017.

11. Plaintiff was an hourly employee of Defendants.

12. Initially, Defendants paid Plaintiff $10.00 per hour.

13. Defendants promoted Plaintiff to Office Manager.

14. After the promotion, Defendants gave Plaintiff as raise to $11.50 per hour.

15. Defendants paid Plaintiff on a weekly basis.

16. Defendants had Plaintiff work hours off of the clock.

17. Defendants had Plaintiff work from home.

18. Plaintiff worked hours over 40 hours in a workweek which Defendants failed to pay Plaintiff.

19. Plaintiff worked hours over 40 hours in a workweek which Defendants failed to pay at time and a half.

20. Plaintiff earned commissions.

21. Defendants failed to pay all commissions due and owing to Plaintiff.

22. Defendants failed to include the commissions earned by Plaintiff into her "regular rate" when calculating the overtime premiums owed to Plaintiff.

23. Plaintiff complained about not being paid for work of the clock to Defendants.

24. Plaintiff complained about not being paid at least minimum wages for all hours worked for Defendants.

25. Plaintiff complained about not being paid overtime wages and premiums for working unpaid overtime hours for Defendants.

26. Plaintiff was fired by Defendants on July 16, 2018.

27. Defendants fired Plaintiff in retaliation for complaining about not being paid minimum wages

28. Defendants fired Plaintiff in retaliation for complaining about not being paid overtime wages correctly.

29. Defendants did not have a good faith basis for failing to pay Plaintiff her regular and overtime wages at time and a half.

30. Defendant willfully failed to pay Plaintiff her overtime wages at time and a half.

31. Counsel for Plaintiff has requested that the wage claim of Plaintiff be referred to his office by Attorney General's Office in conjunction with the Department of Labor.

### III. Cause of Action

**Count I**
**Failure to Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201** *et. seq.*

32. Plaintiff incorporates paragraphs 1 through 31 by reference herein.

33. Plaintiff was an employee of Defendants pursuant to the FLSA.

34. Plaintiff's work for Defendants involved interstate commerce.

35. Defendant, Choice DNA, is an employer pursuant to the FLSA.

36. Defendant, Choice DNA, had gross revenues of at least $500,000.00 for the 2016 calendar year.

37. Defendant, Choice DNA, had gross revenues of at least $500,000.00 for the 2017 calendar year.

38. Defendant, Choice DNA, had gross revenues of at least $500,000.00 for the 2018 calendar year.

39. Defendant, Mr. Reese, is an employer pursuant to the FLSA.

40. Defendants willfully failed to properly pay all overtime hours worked by Plaintiff.

41. Defendants willfully failed to properly pay all overtime premiums at the correct rate.

42. Defendants' violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II
### Indiana's Minimum Wage Statute
### Alternative Claim

43. Plaintiff incorporates paragraphs 1 through 42 by reference herein.

44. Plaintiff was an employee of Defendant, Choice DNA, pursuant to Indiana's Minimum Wage Statute.

45. Defendant, Choice DNA, is an employer pursuant to Indiana's Minimum Wage Statute.

46. Defendant, Choice DNA, failed to properly pay overtime wages for all hours over 40 hours in a workweek that Plaintiff worked during the course of his employment with Defendant.

47. Defendant's, Choice DNA, violations of Indiana's Minimum Wage Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant, Choice DNA,  in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count III
### Wage Payment Statute, I.C. §22-2-5 *et. seq.*

48. Plaintiff incorporates paragraphs 1 through 47 by reference herein.

49. Defendant, Choice DNA, is an employer pursuant to the Wage Payment Statute.

50. Plaintiff was an employee of Defendant, Choice DNA.

51. Defendant, Choice DNA, failed to pay Plaintiff her wages due and owing in a timely fashion.

52. Defendant, Choice DNA, failed to pay Plaintiff her wages due and owing in the correct amount.

53. Plaintiff has been damaged by Defendant's, Choice DNA, violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count IV
### Wage Claims Statute, I.C. §22-2-9 *et. seq.*

54. Plaintiff incorporates paragraphs 1 through 53 by reference herein.

55. Defendant, Choice DNA, is an employer pursuant to the Wage Claims Statute.

56. Plaintiff was an employee of Defendant, Choice DNA.

57. Defendant, Choice DNA, failed to pay Plaintiff her wages due and owing in a timely fashion.

58. Defendant, Choice DNA, failed to pay Plaintiff her wages due and owing in the correct amount.

59. Plaintiff has been damaged by Defendant's, Choice DNA, violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count V**
**Retaliation – Wrongful Termination**
**Pursuant to the FLSA, 29 U.S.C. §201** *et. seq.*

60. Plaintiff incorporates paragraphs 1 through 59 by reference herein.

61. Defendants terminated Plaintiff for complaining about not getting paid at least minimum wages for all hours that she worked for Defendants.

62. Defendants terminated Plaintiff for complaining about not getting paid overtime wages for all hours that she worked for Defendants.

63. Defendants' violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, special and punitive damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### IV. Jury Demand

64. Plaintiff incorporates paragraphs 1 through 63 by reference herein.

65. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Marsha Jones

Weldy Law - 8383 Craig Street, Suite 330, Indianapolis, IN 46250
Tel: (317) 842-6600 / Fax: (317) 288-4013 / E-mail: rweldy@weldylegal.com