UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARSHA JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-cv-47 |
| CHOICE DNA LABORATORIES, LLC and LAWRENCE REESE, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Second Motion to Amend Complaint [DE 20] filed by the plaintiff, Marsha Jones, on April 23, 2019. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Marsha Jones, initiated this matter on January 29, 2019. The defendants, Choice DNA Laboratories, LLC and Lawrence Reese, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 12, 2019. Jones filed a motion seeking leave to amend her Complaint to clarify her allegations in response to the defendants' motion to dismiss. The court granted the motion and allowed her to file an amended complaint under Federal Rule of Civil Procedure 15(a)(1)(B).

Jones filed her Amended Complaint on March 29, 2019. The defendants filed a second motion to dismiss on April 2, 2019. The motions to dismiss remain pending. Jones did not file a response in opposition to the defendants' second motion to dismiss, instead she has filed the instant motion. She requests that the court allow her to file a second amended complaint. The

court has not set deadlines for the parties to amend the pleadings. The defendants filed a response in opposition on April 29, 2019. Jones filed a reply on May 6, 2019.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Because pleadings merely serve to put the opposing side on notice, they should be amended freely as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion only if no reasonable person could agree with the decision. *Winters v. Fru*–*Con, Inc*., 498 F.3d 734, 741 (7th Cir. 2007) (quoting *Butts v. Aurora Health Care, Inc*., 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

The defendants have argued that Jones should not be permitted to file the Second Amended Complaint, attached to the instant motion as an exhibit, because it continues to include defective claims under the Indiana Wage Payment statute (Count III) and the FLSA's anti-retaliation provision (Count V). The defendants assert that Counts III and V are insufficient for the same reasons as stated in the defendants' second motion to dismiss.

The defendants previously argued in their second motion to dismiss that the Amended Complaint should be dismissed in its entirety. However, the defendants have indicated that the Second Amended Complaint adequately alleges violations of the FLSA's overtime provisions in Count I, an alternative claim under the Indiana Minimum Wage statute in Count II, and violations of Indiana Wage Claims statute in Count IV. The defendants assert that if the court

allows Jones to file the Second Amended Complaint, they will file a third motion to dismiss requesting that Jones' wage payment and FLSA retaliation claims be dismissed for the same reasons as stated in the second motion to dismiss.

A district court has "broad discretion to deny motions to amend in cases of undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice or futility." **Garner v. Kinnear Mfg. Co.,** 37 F.3d 263, 269 (7th Cir. 1994). The court finds that Jones did not file the second motion to amend the complaint for purposes of delay or in bad faith. Moreover, as indicated by the defendants, Jones appropriately has pled claims in Counts I, II, and IV of the Second Amended Complaint. Thus, the opportunity to amend the amended complaint is not futile since it states a claim upon which relief could be granted. Finally, the court will not unfairly prejudice the defendants by allowing Jones to file the Second Amended Complaint because the defendants will have the opportunity to file a new motion to dismiss.

Based on the foregoing reasons, the Second Motion to Amend Complaint [DE 20] is **GRANTED.** The plaintiff is **DIRECTED** to file the Second Amended Complaint as a separate docket entry within seven days of this order.

ENTERED this 29th day of May, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge